**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WAYNE ELWIN CHICK,<br><br>　　　　Petitioner,<br><br>　v.<br><br>FRANK CHAVEZ, Warden,<br><br>　　　　Respondent. | No. CV 10-6136-DMG (PLA)<br><br>**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On December 28, 2010, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied as time barred and the action dismissed with prejudice. Thereafter, on January 18, 2011, petitioner filed his Objection to the R&R ("Objection").

## DISCUSSION

In his Objection, petitioner cites Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), in support of his claim for equitable tolling. (Objection at 2). The Supreme Court in Johnson held that a state prison regulation barring inmates from providing other inmates with assistance in the preparation of habeas petitions was in conflict with the federal right of habeas

1  corpus, and thus invalid. <u>Johnson</u>, 393 U.S. at 487-90. Here, petitioner has made no showing
2  that he was barred by prison officials from having access to assistance from other inmates. Nor
3  has petitioner demonstrated that any other prison regulations impeded his ability to prepare and
4  file his Petition. Thus, petitioner is not entitled to relief under <u>Johnson</u>.

5        The Court has also considered petitioner's claims of equitable tolling. The Ninth Circuit has
6  recently explained that to warrant equitable tolling based on mental illness, a petitioner must show:
7  (1) his mental impairment was so severe that he either was "unable rationally or factually to
8  personally understand the need to timely file," or that his mental state "rendered him unable
9  personally to prepare a habeas petition and effectuate its filing"; and (2) he was diligent in pursuing
10 his claims, "but that the mental impairment made it impossible to meet the filing deadline under
11 the totality of the circumstances, including reasonably available access to assistance." <u>Bills v.</u>
12 <u>Clark</u>, __ F.3d __, 2010 WL 4968692, at *7 (Dec. 8, 2010). Petitioner has not satisfied this
13 standard. As discussed in the R&R, he has made no showing that his mental impairments of
14 depression, anxiety, and a mood disorder were so severe that they impeded his ability to
15 understand the need to timely file, or rendered him unable to prepare and file his claims. In fact,
16 petitioner's own exhibits reflect that one of the two mental health experts who examined him found
17 that he had no mental disorder (<u>see</u> Petition, Exh. 3A3), and a prison record from June 2008
18 indicates that petitioner's mental health was "stable" at that time. (<u>See</u> Petition, Exh. 3A8).
19 Because petitioner has not demonstrated that he had a <u>severe</u> mental impairment, he is not
20 entitled to an evidentiary hearing on the equitable tolling issue. <u>See</u> <u>Bills</u>, 2010 WL 4968692, at
21 *8 (non-frivolous showing of severe mental impairment may entitle petitioner to an evidentiary
22 hearing).

23       The Court further concludes that petitioner's claim for equitable tolling based on his
24 placement in the prison's administrative segregation unit lacks merit for the reasons explained in
25 the R&R.

## **CONCLUSION**

27       Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the
28 Petition, all of the records herein, the Report and Recommendation of the United States Magistrate

Judge, and petitioner's Objection to the Report and Recommendation. The Court has made a <u>de novo</u> determination of the portions of the Report and Recommendation to which objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

    1.    Respondent's Motion to Dismiss is granted.

    2.    Judgment shall be entered consistent with this order.

    3.    The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: February 22, 2011

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE